**FILED**

JUN 30 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

# United States District Court

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **\*AMENDED\*** |
| v. | **ORDER SETTING CONDITIONS** |
| | **OF RELEASE** |

**ROBERT EDWARD BARR**         Case Number:   *1:11-cr-00103 AWI*
Defendant

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

(2) The defendant shall immediately advice the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. <u>The defendant shall next appear at U.S. District Court, 2500 Tulare Street, 8th Floor, Courtroom 2 before Chief Judge Anthony W. Ishii on August 8, 2011 at 9:00 am.</u>

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(✔) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($_____) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

COPY:     DEFENDANT          U.S. ATTORNEY          U.S. MARSHAL          PRETRIAL SERVICES

BARR, Robert
Dkt. No. 11-103 AWI
AMENDED

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( )  (6)  The defendant is placed in the custody of:
         Name of person or organization

who agrees (a) to supervise the defendant in accordance with all conditions of release,
(b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

         SIGNED: _____
                    **CUSTODIAN OR PROXY**

(X)  (7)  The defendant shall:
  ( )   (a)  report on a regular basis to the following agency:
             Pretrial Services and comply with their rules and regulations.
  ( )   (b)  abide by the following restrictions on his personal associations, place of abode, or travel:
             Reside at a residence approved by Pretrial Services, and not move or be absent from this residence for more than 24 hrs. without prior approval of PSO; travel restricted to , unless otherwise approved in advance by PSO.
  (X)   (c)  **all other previously ordered conditions of release, not in conflict with this order, shall remain in full force and effect.**
  ( )   (d)  maintain or commence an educational program.
  ( )   (e)  avoid all contact with the following named persons, who are considered either alleged victims or potential witnesses: , unless in the presence of counsel or otherwise approved in advance by the PSO.
  ( )   (f)  refrain from possessing a firearm, destructive device, or other dangerous weapon.
  ( )   (g)  refrain from excessive use of alcohol, and any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 USC §802 unless prescribed by a licensed medical practitioner.
  ( )   (h)  submit to drug and/or alcohol testing as directed by PSO.
  ( )   (i)  report any prescriptions to PSO within 48 hours of receipt.
  ( )   (j)  undergo medical or psychiatric treatment and/or remain in an institution, as follows: Including treatment for drug and/or alcohol dependency, and pay for costs as approved by the PSO.
  ( )   (k)  not view or possess child pornography as defined by 18 USC 2256(8), except in the presence of your attorney to prepare for your defense.
  ( )   (l)  not access the Internet and you shall provide proof of the disconnection or termination of this service as required by the Pretrial Services Officer.
  ( )   (m)  not use or possess a computer in your residence or at any other location unless otherwise approved by the Pretrial Services Officer.
  ( )   (n)  be notified the Pretrial Services Officer shall advise your employer of the conditions of release that may limit your work-related use of a computer or limit your work activities.
  ( )   (o)  not loiter or be found within 100 feet of any school yard, park, playground, arcade or other place primarily used by children under the age of 18.
  (X)   (p)  **shall not be alone with your own children for more than one hour, unless otherwise supervised by a responsible adult as preapproved by Pretrial Services.**
  ( )   (q)  not be employed or participate in any volunteer activities in which there is the likelihood of contact with children under the age of 18.
  ( )   (r)  not use any device offering Internet access as a means of accessing any material that relates to the criminal activity charged in the pending allegations.
  ( )   (s)  surrender any passport to the Clerk, United States District Court prior to your release from custody.
  ( )   (t)  obtain no passport during the pendency of this case.
  ( )   (u)  participate in the       component of the remote location monitoring program and abide by all the requirements of the program which will include electronic monitoring or other location verification monitoring system. The defendant shall pay all or part of the costs of the program based upon your ability to pay as determined by the Pretrial Services Officer.
  ( )   (v)  report in person to the Pretrial Services Agency on the first working day following your release from custody.

(Copies to: Defendant, US Attorney, US Marshal, Pretrial Services)

BARR, Robert
Dkt. No. 11-103 AWI
AMENDED

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTION:

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC §3148, and a prosecution for contempt as provided in 18 USC §401 which could result in a possible term of imprisonment and/or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than ninety days or more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 USC §1503 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC §1510 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to obstruct a criminal investigation; 18 USC §1512 makes it a criminal offense punishable by up to ten years in prison and a $250,000 fine to tamper with a witness, victim or informant; and 18 USC §1513 makes it a criminal offense punishable by up to ten years in jail and a $250,00 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 USC §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for;

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not ore than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

(As agreed to in court and on the record on 6/30/2011)
Signature of Defendant

### DIRECTIONS TO UNITED STATES MARSHAL

(X) The defendant is ORDERED released after processing.
( ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the Clerk of Judicial Officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate Judicial Officer at the time and place specified, if still in custody.

DATE: 6/30/2011

Dennis L. Beck, U.S. Magistrate Judge

COPY:   DEFENDANT       U.S. ATTORNEY       U.S. MARSHAL       PRETRIAL SERVICE